UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

GEIKER J. ALVARADO, RENZO O. )
SANCHEZ, and other similarly situated )
individuals, )
)
        Plaintiffs, )
)
v. )
)
PIZZERIAS, LLC, )
)
        Defendant. )
)
)

# COMPLAINT
## (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, GEIKER J. ALVARADO, RENZO O. SANCHEZ ("Plaintiffs") and other similarly situated individuals, sue the Defendants, PIZZERIAS, LLC (the "Defendant"), and allege:

## JURISDICTION

1. This is an action to recover money damages for unpaid minimum and overtime wages and retaliatory discharge under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

## VENUE

3. Plaintiffs are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

4. Defendant is a Florida company having its main place of business in Miami-Dade County, Florida, where Plaintiffs worked for Defendant, and at all times material hereto were and are engaged in interstate commerce.

## COUNT I: WAGE AND HOUR VIOLATION BY PIZZERIAS, LLC (UNPAID MINIMUM WAGES AND OVERTIME) - ALVARADO

5. Plaintiff, GEIKER ALVARADO ("Alvarado") re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

6. This action is brought by Alvarado and those similarly situated to recover from the Defendant unpaid minimum and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.,

7. The provisions of 29 U.S.C. § 207(a)(1) state that "no employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Section 206(a)(1) of the Act states that ". . . an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

9. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

10. In Florida, the minimum wage in 2014 was $7.93 per hour and it was raised to $8.05 for 2015 and for 2016.

11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and/or Alvarado and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

12. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Alvarado and those similarly situated were and/or are engaged in interstate commerce for the Defendant. The Defendant's business activities involve those to which the Act applies. The Defendant is a Pizza Restaurant and, through its business activity, affects interstate commerce. Alvarado's work for the Defendant likewise affects interstate commerce. Alvarado was employed by the Defendant as a Delivery Driver for the Defendant's business.

13. Upon information and belief, Defendant operates approximately 31 Papa John's franchises in Florida.

14. Defendant employs delivery drivers just like Alvarado. These delivery drivers use their own cars to deliver pizzas for the Defendant. The Defendant uses a method to reimburse delivery drivers, which causes these drivers' salary to fall below the minimum wage. In addition, the Defendant does not pay overtime to Alvarado and to other delivery drivers.

15. While employed by the Defendant, Alvarado worked approximately an average of 40-50 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Alvarado was employed as a Driver performing the same or similar duties as that of those other similarly situated driver whom Alvarado observed working in excess of 40 hours per week without overtime compensation. In addition, these other drivers were subjected to the illegal reimbursement practices mentioned above, which resulted in sub-minimum wages.

16. Alvarado worked for the Defendant from approximately December 2013 to December 2015. In total, Alvarado worked approximately 97 compensable weeks under the Act, or 97 compensable weeks if we count 3 years back from the filing of the instant action.

17. The Defendant paid Alvarado on average minimum wages and applied a tip credit. However, the minimum wages resulted in sub-minimum wages after the Defendant illegally applied its reimbursement practices.

18. The Defendant's "tip credit" is unavailing because this Defendant failed to strictly comply with the tip credit rules when it applied its flawed reimbursement formula to Alvarado's and other similarly situated employees' wages. Therefore, Alvarado is entitled to be paid the full minimum wage for all hours he worked. *See Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360,

1369 (S.D. Fla. 2009) ("Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is entitled to the full minimum wage for every hour worked").

19. In addition, the Defendant did not properly compensate Alvarado for hours that Alvarado worked in excess of 40 per week.

20. Alvarado seeks to recover unpaid minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

21. Prior to the completion of discovery and to the best of Alvarado's knowledge, at the time of the filing of this Complaint, Alvarado's good faith estimate of unpaid minimum and overtime wages is as follows:

*Minimum Wages*

    a. **Actual Damages:**

        i. <u>Calculation</u>: $3.02 (approximately unpaid hourly rate) x 45 (weekly hours) x 97 (compensable weeks) = $13,182.30

    b. **Liquidated Damages:** $13,182.30

    c. **Total Damages:** $26,364.60 plus reasonable attorneys' fees and costs of suit.

*Overtime Wages*

    a. **Actual Damages:**

        <u>Calculation</u>: $8.05 (hourly pay) x 1.5 (overtime rate) x 5 (approximate number of overtime hours) x 97 (compensable weeks) = $5,856.38

    b. **Liquidated Damages:** $5,856.38

    c. **Total Damages:** $11,712.75 plus reasonable attorneys' fees and costs of suit.

22. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Alvarado and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. In addition, the Defendant paid Alvarado less than the minimum wage. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Defendant who are and who were subject to the unlawful payroll practices and procedures of the Defendant and were not paid all of their minimum wages or time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

23. The Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of minimum and overtime wages and remains owing Alvarado and those similarly situated these minimum and overtime wages since the commencement of Alvarado's and those similarly situated employees' employment with the Defendant as set forth above, and Alvarado and those similarly situated are entitled to recover double damages. The Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

24. The Defendant willfully and intentionally refused to pay Alvarado minimum and overtime wages as required by the laws of the United States as set forth above and remains owing Alvarado these minimum and overtime wages since the commencement of Alvarado's employment with the Defendant as set forth above.

25. Alvarado has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Alvarado and those similarly situated request that this Honorable Court:

A. Enter judgment for Alvarado and others similarly situated and against the Defendant on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Alvarado actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Alvarado an equal amount in double damages/liquidated damages; and

D. Award Alvarado reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Alvarado and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY PIZZERIAS, LLC (UNPAID MINIMUM WAGES AND OVERTIME) - SANCHEZ

26. Plaintiff, RENZO SANCHEZ ("Sanchez") re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

27. This action is brought by Sanchez and those similarly situated to recover from the Defendant unpaid minimum and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.,

28. The provisions of 29 U.S.C. § 207(a)(1) state that "no employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives

compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Section 29 U.S.C. § 206(a)(1) states that ". . . an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

30. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

31. In Florida, the minimum wage in 2014 was $7.93 per hour and this was raised to $8.05 in 2015 and in 2016.

32. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per

annum, and/or Sanchez and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

33. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Sanchez and those similarly situated were and/or are engaged in interstate commerce for the Defendant. The Defendant's business activities involve those to which the Act applies. The Defendant is a Pizza Restaurant and, through its business activity, affects interstate commerce. Sanchez' work for the Defendant likewise affects interstate commerce. Sanchez was employed by the Defendant as a Delivery Driver for the Defendant's business.

34. Upon information and belief, Defendant operates approximately 31 Papa John's franchises in Florida.

35. Defendant employs delivery drivers just like Sanchez. These delivery drivers use their own cars to deliver pizzas for the Defendant. The Defendant uses a method to reimburse delivery drivers, which causes these drivers' salary to fall below the minimum wage. In addition, the Defendant does not pay overtime to Sanchez and to other delivery drivers.

36. While employed by the Defendant, Sanchez worked approximately an average of 40-50 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Sanchez was employed as a Driver performing the same or similar duties as that of those other similarly situated drivers whom Sanchez observed working in excess of 40 hours per week without overtime compensation. In addition, these other drivers were subjected to the illegal reimbursement practices mentioned above, which resulted in sub-minimum wages.

37. Sanchez worked for the Defendant from approximately April 2014 to February 5, 2016. In total, Sanchez worked approximately 96 compensable weeks under the Act, or 96 compensable weeks if we count 3 years back from the filing of the instant action.

38. The Defendant paid Sanchez on average minimum wages and applied a tip credit. However, the minimum wages resulted in sub-minimum wages after the Defendant illegally applied its reimbursement practices.

39. The Defendant's "tip credit" is unavailing because this Defendant failed to strictly comply with the tip credit rules when it applied its flawed reimbursement formula to Plaintiff's and other similarly situated employees' wages. Therefore, Sanchez is entitled to be paid the full minimum wage for all hours he worked. *See Ash v. Sambodromo, LLC*, 676 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009) ("Unless the employer satisfies its burden of showing the applicability of the tip credit, the employee is entitled to the full minimum wage for every hour worked").

40. In addition, the Defendant did not properly compensate Sanchez for hours that Sanchez worked in excess of 40 per week.

41. Sanchez seeks to recover unpaid minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

42. Prior to the completion of discovery and to the best of Sanchez' knowledge, at the time of the filing of this Complaint, Sanchez' good faith estimate of unpaid minimum and overtime wages is as follows:

*Minimum Wages*

   a. **Actual Damages:**

      Calculation: $3.02 (approximate unpaid hourly rate) x 45 (weekly hours) x 96 (compensable weeks) = $13,046.40

b. **Liquidated Damages:** $13,046.40

   c. **Total Damages:** $26,092.80 plus reasonable attorneys' fees and costs of suit.

*Overtime Wages*

   a. **Actual Damages:**

   <u>Calculation</u>: $8.05 (hourly pay) x 1.5 (overtime rate) x 5 (approximate number of overtime hours) x 96 (compensable weeks) = $5,796

   b. **Liquidated Damages:** $5,796

   c. **Total Damages:** $11,592 plus reasonable attorneys' fees and costs of suit.

   43.   At all times material, hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Sanchez and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. In addition, the Defendant paid Sanchez less than the minimum wage. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Defendant who are and who were subject to the unlawful payroll practices and procedures of the Defendant and were not paid all of their minimum wages or time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

   44.   The Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of minimum and overtime wages and remains owing Sanchez and those similarly situated these minimum and overtime wages since the commencement of Sanchez' and those similarly situated employees' employment with the Defendant as set forth above, and Sanchez and those similarly situated are entitled to recover double damages. The

Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

45. The Defendant willfully and intentionally refused to pay Sanchez minimum and overtime wages as required by the laws of the United States as set forth above and remains owing Sanchez these minimum and overtime wages since the commencement of Sanchez' employment with the Defendant as set forth above.

46. Sanchez has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Sanchez and those similarly situated request that this Honorable Court:

A. Enter judgment for Sanchez and others similarly situated and against the Defendant on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Sanchez actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Sanchez an equal amount in double damages/liquidated damages; and

D. Award Sanchez reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### JURY DEMAND

Sanchez and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT III:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)
### RETALIATORY DISCHARGE - ALVARADO

47. Alvarado re-adopts each and every factual allegation as stated in paragraphs 1 through 25 above as if set out in full herein.

48. The Defendant willfully and intentionally refused to pay Alvarado his legally owed minimum and overtime wages as required by the laws of the United States and remains owing Alvarado these wages as set forth above.

49. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

50. Alvarado complained about his unpaid wages to the Defendant.

51. On or about 12/01/2015, Alvarado was terminated.

52. The motivating factors, which caused Alvarado's discharge as described above, were the complaints seeking the payment of minimum and overtime wages from the Defendant. In other words, Alvarado would not have been fired but for his complaints about unpaid minimum and overtime wages.

53. The Defendant's termination of Alvarado was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Alvarado has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Alvarado, requests that this Honorable Court:

A. Enter a judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B.  Reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

### JURY DEMAND

Alvarado and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT IV:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE - SANCHEZ

54. Sanchez re-adopts each and every factual allegation as stated in paragraphs 1 through 4 and 25 through 46 above as if set out in full herein.

55. The Defendant willfully and intentionally refused to pay Sanchez his legally owed minimum and overtime wages as required by the laws of the United States and remains owing Sanchez these wages as set forth above.

56. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

57. Sanchez complained about his unpaid wages to the Defendant.

58. On or about February 5, 2016, Sanchez was terminated.

59. The motivating factors, which caused Sanchez' discharge as described above, were the complaints seeking the payment of minimum and overtime wages from the Defendant.

In other words, Sanchez would not have been fired but for his complaints about unpaid minimum and overtime wages.

60. The Defendant's termination of Sanchez was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Sanchez has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Sanchez, requests that this Honorable Court:

A. Enter a judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY DEMAND

Sanchez and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: February 6, 2017.

> Respectfully submitted,
>
> By: /s/ R. Martin Saenz
> R. Martin Saenz, Esquire
> Fla. Bar No.: 0640166
> Email: msaenz@saenzanderson.com
> SAENZ & ANDERSON, PLLC
> 20900 NE 30th Avenue, Ste. 800
> Aventura, Florida 33180
> Telephone: (305) 503-5131
> Facsimile: (888) 270-5549